Donald S. Taylor, J.
The parties are owners of properties which abut Church Street in the village of Hoosick Falls, New York. The northerly boundary line of plaintiff’s property runs westerly from Church Street a distance of 107 feet and is contiguous for its entire length to the defendant’s southerly boundary line. There is no dispute about the fact that when plaintiff purchased her property in 1904 she also acquired as §n appurtenance to it a right of way of passage about eight *634 feet in width over the southerly strip of defendant’s premises which adjoined her northerly boundary line. The plaintiff sues in equity to restrain alleged interference by the defendant with the use of her easement. Her complaint alleges that in August, 1935 the defendant erected a garage on his premises, part of which encroached on the rear four feet of the plaintiff’s right of way, which has since prevented its full use. Other obstructive acts of the defendant which barred further use of the easement are also alleged. Nominal money damages of $1 are sought.
The defendant’s answer denies interference with the plaintiff’s proper use of the right of way by encroachment or otherwise and alleges as defenses the divestment and extinguishment of the plaintiff’s incorporeal right in that part of his servient estate upon which a portion of his garage is located by virtue of his having had and possessed the same adversely to plaintiff for a period of 15 years or more before the commencement of this action and her intentional abandonment thereof. The answer contains other separate defenses which the defendant now concedes are not substantial and may be regarded as having been abandoned.
The issues thus formed were tried by the court without a jury. The parties have submitted no requests to find the facts which they consider established by the evidence. Decision was reserved on the motions for judgment which each is deemed to have made.
The plaintiff’s evidence clearly demonstrates, and I so find, that a portion of the garage erected by the defendant is an encroachment on the westerly three feet of her right of way. Plaintiff produced a land surveyor who so testified. Moreover, her photographs — particularly plaintiff’s exhibit 2 in evidence — plainly substantiate the existanee of the encroachment. In fact, the defendant offered no proof to the contrary. This finding would require the removal of the obstruction unless it can be said that the plaintiff has lost her dominant tenement in the premises occupied by his building through his adverse possession thereof for at least the statutory period or has, by acts or conduct, clearly evinced an intention to surrender it. The record does not support the plaintiff’s claim of other interference with her use of the easement.
The record establishes the defendant’s hostile possession under a claim of right of the portion of plaintiff’s right of way in question, open and notorious, exclusive, actual, continuous and uninterrupted for a period of over 15 years before the commencement of this action. These are the essential elements *635 which are required to be proved to acquire title by adverse possession not founded on a written instrument or to extinguish an easement in the servient land. (Civ. Prac. Act, §§ 34, 39, 40; 5 Restatement, Property, § 506, comment b; Di Leo v. Pecksto Holding Corp., 304 N. Y. 505; Klin Co. v. New York R. T. Corp., 271 N. Y. 376; Belotti v. Bickhardt, 228 N. Y. 296, 302; Hindleg v. Manhattan Ry. Co., 185 N. Y. 335, 357; Scallon v. Manhattan Ry. Co., 185 N. Y. 359, 362-363.) While the forfeiture of easement rights is not favored in law and a valuable covenant affecting land is not to be destroyed lightly or arbitrarily, the plaintiff’s long and obviously conscious acquiescence in the defendant’s construction and maintenance of a substantial building on a portion of her right of way which rendered her use of it impossible indicates a course of conduct which was manifestly incompatible with a continuance of the right now claimed and evinces an unequivocal intention to abandon that part of her easement and to relieve the servient estate of its burden. (Foote v. Metropolitan El. R. R. Co., 147 N. Y. 367, 371; Snell v. Levitt, 110 N. Y. 595, 602; Albanese v. Dominianni, 281 App. Div. 768; Arena v. Prisco, 81 N. Y. S. 2d 627; Rabinowits v. Goldstein, 78 N. Y. S. 2d 882.) For the reasons above stated the defenses urged must be regarded as good and the complaint dismissed on the merits.
The foregoing constitutes the written and signed decision of the court upon which judgment, without costs, may be entered accordingly. (Civ. Prac. Act, §§ 439, 440; Matter of Joroco Silk Corp. v. Nova, 265 App. Div. 1061.) Motions in conflict with it are denied, with appropriate exceptions.