Donald S. Taylob, J.
On July 16,1883 Charles E. Stroud and Charles Q. Eldridge acquired title to premises having a frontage of 94 feet on Church Street in the village of Hoosick Falls, New York, a depth of 207 feet on their northerly side, 152 feet on their southerly side and a width of 125% feet on their rear or westerly side and abutting Spring Street. On July 19, 1883 they conveyed along the southerly boundary thereof a parcel of land 22 feet wide, front and rear, and 107 feet in depth on each side to one Driscoll by a deed which recited that “ party of second part is to have a right of way to the rear or west end of the property herein conveyed through the lands owned by the parties of the first part, which right of way is to be hereinafter designated or located by parties of the first part. ’ ’ Since 1904, Antoinette Murphy, the plaintiff in a companion action tried herewith (Murphy v. Sigalos, 8 Misc 2d 633) has been the owner of said premises. By deed dated July 30, 1883 the same grantors conveyed to one Catharine Cahill a parcel along the northerly boundary of their premises 24 feet wide on Church Street and 107 feet in depth together with “ a right of way to and from the rear end of the premises herein conveyed, said right of way to be hereinafter located by parties of the first part.” The plaintiffs have succeeded to the rights of the grantee of this deed. Thereafter Eldridge conveyed his undivided one-half interest in the part of the original parcel remaining after the conveyances to Driscoll and Cahill to his cotenant Stroud in a deed which provided that the grant was “ subject to a right of way about eight feet wide leading from said Church Street along the North line of lands formerly belonging to said Driscoll, deceased, to the West end of said Driscoll’s land, and Also a right of way from the end of the right of way last mentioned to the Southwest end of side of said Cahill’s land.” By mesne conveyances the defendant took title to these premises on June 21, 1927 “ subject to the right of way about 8 feet wide leading from said Church Street along the north line of lands formerly belonging to said Driscoll, deceased, to the west end of said Driscoll’s land, and also the right of way from the end of the right of way last mentioned to the South West end of said Cahill’s land ” and has since owned them. The improvements erected on the respective properties of the parties adjoin each other, abut and front Church Street. The foregoing facts are not in dispute.
The plaintiffs have brought this action to compel the removal of a rose arbor erected by the defendant and miscellaneous shrubbery and small trees planted by him which they claim encroach on the southerly and westerly borders of their property *376 and to enjoin his interference with the right of way described in the deed from Eldridge and Stroud to their predecessor in title, Cahill. The defendant denies the claim of encroachment, asserts title to the occupied land by adverse possession and contends that the true right of way granted by the deed to Cahill extended southwesterly from the rear of plaintiffs ’ property to Spring Street and has been extinguished by his adverse possession of the portion thereof occupied by his garage for a period of more than 15 years prior to the commencement of this action. Other defenses are also alleged which the defendant’s brief indicates have been abandoned.
The testimony of a licensed engineer and land surveyor called as a witness by the plaintiffs, which is not professionally contradicted, establishes- encroachments by the defendant of the nature complained of to the extent indicated by broken red lines on plaintiffs’ exhibit 8 in evidence. The defendant’s evidence is insufficient to warrant a holding that title to the part of the plaintiffs’ premises which he occupies in such a manner was acquired by adverse possession. There was neither protection by a substantial enclosure nor acts of cultivation or improvement which the statute specifies as essential for acquiring land by adverse possession, title to which is not founded upon a written instrument. (Civ. Prac. Act, § 40; St. William’s Church, Raquette Lake, New York, v. People of State of New York, 296 N. Y. 861; Pope v. Hanmer, 74 N. Y. 240; Meerhoff v. Rouse, 4 A D 2d 740; Van Horn v. Stuyvesant, 50 Misc. 432; Spadaro v. Putter, 108 N. Y. S. 2d 343; Borzilleri v. Janes, 157 N. Y. S. 195, 198.)
The language of their deed to Cahill in 1883 makes it self-evident that the common predecessors in title of the parties granted a right of way over the premises now owned by the defendant to be thereafter “ designated or located ” by them. That they exercised their locative prerogative sometime during the intervening four years of their common ownership of the servient tenement to which it attached by fixing the northerly and southerly termini thereof is readily discernible from the provisions of the deed by which they dissolved their tenancy in common. At the same time and by the same instrument they also gave definite description to the Driscoll right of way which it joined as to which their original grant had likewise been general. These recitals could have had no other significance since each parcel was already burdened with an inspecific grant. Moreover, every grantor’s deed in the plaintiffs’ chain of title thereafter — a conveying span of 59 years — included as an appurtenance to the premises conveyed the *377 easement which was described therein substantially in the same language which the original grantors had initially employed. Likewise, every subsequent conveyance of the servient tenement, not excluding the one by which the defendant acquired title, subjected the grant to the burden of the easement by terms almost in haec verba those originally adopted by the common grantors of the parties. These facts clearly dissipate all doubt of the inception of the easement by written instrument, its existence since then and the definitive fixage of the northerly and southerly points between which it generally ran.
Unlike the Driscoll easement, the width of the right of way in question was not fully defined in writing. Nor was the mode in which it was to be enjoyed by the respective grantees fixed with definity. The practical construction which the owners of the respective tenements have given it throughout the years has supplied the omissions. The credible evidence discloses that at least since 1912 the owners of the dominant right have used the space to the rear of the defendant’s building, both before and after the removal of the wooden addition thereto, to deliver merchandise, fuel oil and coal to the rear entrance of the plaintiffs’ premises. Not until the defendant challenged the plaintiffs’ enjoyment of the privilege in 1946 was there any suggestion that said uses and purposes had not the consent and full acquiescence of the owners of the servient estate. By such acts and conduct the width of the right of way and the manner of its use which the grant had left uncertain must be deemed to have been fixed in accordance with the intent of the parties by whom and to whom it was granted. (Stephens v. New York, Ontario & Western Ry. Co., 175 N. Y. 72, 80; Paine v. Chandler, 134 N. Y. 385, 391; Onthank v. Lake Shore & M. S. R. R. Co., 71 N. Y. 194, 198.)
This leaves for consideration only the defendant’s contention that the right of way extended southwesterly across the rear of his premises to Spring Street. His point is that a right of way thus constituted was extinguished by his erection of a garage more than 15 years before this action was instituted. The credible evidence of witnesses long familiar with the surroundings and the instruments themselves support a contrary view. Moreover, I am impressed that the topography of the land which such an easement would have been required to traverse militates severely against the adoption of the defendant’s thesis.
From the foregoing these conclusions follow: (1) that the defendant shall remove forthwith the part of his rose arbor, the plants, shrubbery, trees, ornamental stones, bushes and any other obstruction which encroach upon that part of the *378 plaintiffs’ premises indicated by broken red lines on plaintiffs’ exhibit 8 in evidence and (2) that the defendant, his agents, servants and employees hereafter shall refrain from willfully or unreasonably interfering with the plaintiffs’ free ingress and egress over that portion of the defendant’s land lying between his building which fronts Church Street and the garage to its rear as shall be necessary to deliver'merchandise, fuel oil and coal to the plaintiffs’ premises. (Herman v. Roberts, 119 N. Y. 37, 46.)
The foregoing constitutes the written and signed decision of the court upon which judgment, without costs, may be entered accordingly. (Civ. Prac. Act, §§ 439, 440; Matter of Joroco Silk Corp. v. Nova, 265 App. Div. 1061.) Motions in conflict with it are denied, with appropriate exceptions.