Murray T. Feiden, J.
In this action brought by plaintiff pursuant to article 15 of the Real Property Actions and Proceedings Law to declare his rights to certain real estate, defendant moves for summary judgment dismissing the complaint and vacating and canceling the lis pendens filed herein. Defendant also counterclaims for damages sustained as a result of plaintiff’s delay and interference with its possession.
Plaintiff seeks to bar defendant from asserting any claims in and to a parcel of land and to declare himself the lawful owner thereof by virtue of his adverse holding of the subject property. A scrutiny of the pleadings and the voluminous papers and documents submitted by the parties reveals that the focal point in issue is whether plaintiff has satisfied the statutory requirement necessary to acquire title by adverse possession.
The parties sharply contest the applicable period of limitations. In 1954, when plaintiff’s cause of action accrued, the period of time necessary to bar an action to recover real property was 15 years (Civ. Prac. Act, § 34). However, in 1963, with the enactment of the CPLR, the statutory period of limitations was reduced to 10 years (CPLR 212, subd. [a]). Plaintiff takes the position that his action is governed by the present statutory period of 10 years. Plaintiff contends that since he initiated the proceedings, he has the option of choosing whichever period is beneficial to him, in this case the shorter term of 10 years, rather than 15 years as previously provided (see CPLR 218). _ # •
_ # The court is not in accord with this contention, as it is predicated upon a misinterpretation of the meaning and purpose of the legislative enactments involved. A careful review of the *169 statutes and the supporting authorities reveals that adverse possession is primarily an application of the Statute of Limitations (see 3 Am. Jur. 2d, Adverse Possession, § 2). Thus, former section 34 of the Civil Practice Act or the present CPLR 212 (subd. [a]) requires that a plaintiff or his predecessor in interest in an action to recover real property be possessed of the premises within the period of limitation therein provided before the commencement of an action. Section 311 of the Real Property Actions and Proceedings Law provides in part that the person who establishes a legal title to the premises is presumed to have been possessed thereof within the time required by law, and the occupation of the premises by another person is deemed to have been under and in subordination to the legal title unless the premises had been held and possessed adversely to the legal title. The effect of these provisions taken together is that adverse possession of real property for the statutory number of years constitutes a bar to an action by the owner of record for the recovery of the property or its possession (see Deering v. Reilly, 38 App. Div. 164, affd. 167 N. Y. 184).
Clearly, these statutory enactments are primarily for the protection of the legal owner, and only incidentally and after default by the owner in bringing his action within the required time, do they give rise to the rights of the adverse possessor. The saving provisions of CPLR 218 (subd. [b]) support this view. By its very terms the statute does not seek to create greater substantive rights, as plaintiff suggests, but rather to protect a cause of action which would have otherwise been barred by the shortened period of limitations in the new act. The exercising of the option of either the 10- or 15-year period (CPLR 218, subd. [b]) is afforded solely to the legal owner, and a person claiming adverse possession may not avail himself of such right (Matter of City of New York [Woodbine Ave.], N. Y. L. J., Oct. 13, 1967, p. 19, col. 6; McDonald Ave. Realty Corp. v. Panicciola, N. Y. L. J., Nov. 10, 1967, p. 19, col. 1). Plaintiff concedes that he has been in possession of the subject premises for only 13 years. Accordingly, plaintiff having failed to establish adverse possession for the statutory period of 15 years, as hereinabove determined, his action must fail (Lambert v. Huber, 22 Misc. 462). It is unthinkable that the Legislature intended to give an adverse possessor the right to elect to choose a shorter period of time to deprive the true and legal owner of his land. Moreover, the rationale of the holding herein is in accord with the general principle that a valuable covenant affecting land is not to be destroyed lightly or arbitrarily (Murphy v. Sigalos, 8 Misc 2d 633). The authorities cited by plaintiff, though they recite the general principles of *170 law on this subject, are not applicable and are not pertinent to the question involved.
Plaintiff’s attempt to create an issue of fact by attacking defendant’s title must likewise fail. His right to relief depends upon the strength of his own title, not upon the alleged weakness of the title of his opponent, nor is it necessary for defendant to affirmatively plead the Statute of Limitations under the circumstances herein. Such a defense is competent under a general denial. The plea of the statute, being simply a denial of plaintiff’s title, need not be pleaded specially (3 Am. Jur. 2d, Adverse Possession, § 246).
The other questions raised by plaintiff have no bearing on the issues involved.
Accordingly, defendant’s motion for summary judgment is granted, the complaint is dismissed, and the lis pendens filed against the property is cancelled and vacated.