■ GILBERT REITER, Appellant, v. LANDON HOMES, INC., Respondent.— In an action brought to establish title to realty pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated March 11, 1968, which

granted defendant's motion for summary judgment and for cancellation of the notice of pendency of the action and (2) a judgment of said court entered April 18, 1968 in favor of defendant upon said order. Order and judgment affirmed, without costs. In this action to establish title to certain realty by reason of adverse possession, the central question raised is whether the applicable period during which plaintiff must have been in possession is governed by section 34 of the former Civil Practice Act or by CPLR 212 (subd. [a]). Defendant, which is the record owner of the premises in dispute, acquired its title under conveyances dated April 11, 1967. Plaintiff alleges that he commenced adverse possession of the premises in 1954. He contends that his continued adverse possession for more than 10 years has ripened into title. When plaintiff commenced his adverse possession in 1954, a claimant could not establish title unless he had been in possession for at least 15 years (Civ. Prac. Act, § 34). Effective September 1, 1963, however, this period of limitation was reduced to 10 years (CPLR 212, subd. [a]). The theory upon which adverse possession rests is that the adverse possessor may acquire title at such time as an action in ejectment by the record owner would be barred by the Statute of Limitations. Nevertheless, a party in whose favor an action accrued prior to the effective date of CPLR 212 may take advantage of the longer period, provided that such cause of action was not already time-barred when the CPLR became effective (CPLR 218, subd. [b]). Plaintiff contends that the 10-year Statute of Limitations (CPLR 212, subd. [a]) is applicable to the case at bar. He argues that defendant cannot avail itself of the former 15-year Statute of Limitations pursuant to CPLR 218, subd. (b), because defendant's cause of action (in ejectment) did not accrue until 1967, when defendant acquired title. This contention lacks merit. It is clear that any of defendant's predecessors in interest whose title was acquired prior to September 1, 1963 could have availed themselves of the 15-year Statute of Limitations. It is also clear that, when the property in dispute was conveyed to defendant, plaintiff's possession had not yet ripened into title. We perceive no reasonable basis for holding that plaintiff's position improved by the purely fortuitous occurrence of conveyances after September 1, 1963. We are of the opinion that defendant acquired the same rights possessed by its predecessors in interest. Accordingly, we conclude that the former 15-year Statute of Limitations is applicable hereto (see *Matter of City of N. Y.* [*Woodbine Ave. & Hawthorne Ave.*], N. Y. L. J., Oct. 13, 1967, p. 19, col. 6). To hold otherwise would create an anomalous situation in the law of adverse possession, namely, that adverse possessors would be given the right to "tack" continuous successive periods of possesion (*Belotti* v. *Bickhardt*, 228 N. Y. 296), while those who claim title through the record owner at the time the adverse possession commenced could not assert the rights of their predecessors in interest. We have considered plaintiff's other contentions and find them to be lacking in merit. Beldock, P. J., Christ, Brennan, Benjamin and Martuscello, JJ., concur. [56 Misc 2d 168.]