■ In the Matter of WILLARD A. VAN WORMER et al., Appellants, v BEECHER W. LEVERSEE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered October 7, 1980 in Schenectady County, which dismissed petitioners' application for certain relief pursuant to CPLR article 78. Petitioners sought to have Special Term declare the auction

of certain real property null and void, to restrain and enjoin the approval of the purchase bid of respondents Beecher and Vivienne Leversee for the property and to enjoin the tender of the properties to the Leversees pursuant to Schenectady County Resolution No. 179-72. Respondents Leversee and Schenectady County moved to dismiss the petition. Special Term held that petitioners were collaterally estopped from asserting their claims in the proceeding and dismissed their petition. The facts giving rise to this controversy are as follows: Petitioners inherited a farm under the terms of their grandfather's will in 1966. Before then, their father occupied and used the land under a life tenancy. He had failed to pay real estate taxes on the property for a number of years. The county conveyed the land in 1969 after a tax sale to the respondents Leversee. Petitioners attempted unsuccessfully to redeem the property in 1970 pursuant to sections 1010 and 1022 of the Real Property Tax Law. Petitioners then commenced an action in 1976 pursuant to article 15 of the Real Property Actions and Proceedings Law to establish their entitlement to the property. The court held in that action that neither the petitioners nor the Leversees had an entitlement to the property and that the County of Schenectady was the title owner. That judgment further held that the Leversees had an equitable lien for the improvements they had made on the property. A notice of appeal from that judgment was filed by both petitioners and the respondents Leversee. Neither appeal was perfected. On May 20, 1980, Schenectady County sold the property at public auction to the Leversees who were the highest bidders. Petitioners urge that Special Term erred in applying the doctrine of collateral estoppel in dismissing their petition. We disagree. It is well established that collateral estoppel is appropriately invoked when an identical issue has been decided in a prior action and the litigants had a full and fair opportunity to contest the decision said to be controlling (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *Hyman v Hillelson,* 79 AD2d 725, affd 55 NY2d 624). Here petitioners' claim to ownership had been fully adjudicated in the previous Supreme Court action and their relitigation of a claim to ownership in this proceeding is conclusively barred by the prior judgment. Finally, we note that petitioners have attempted for the first time on appeal to raise the application of section 1002 of the Real Property Tax Law and/or Schenectady County Resolution No. 179-72 to the instant case. They urge that they were entitled under section 1002 of the Real Property Tax Law to notice of the instant tax sale as last assessed owners of the property. Without passing on the merits of such a contention, we note that a party may not urge grounds for appeal at the appellate level which were not first raised in the court of original instance. Judgment affirmed, with one bill of costs to respondents. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.