■ GLADYS BODIN, Appellant, v FRED KINNE et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 11, 1986 in Sullivan County, which denied plaintiff's motion for summary judgment.

On or about December 2, 1985, plaintiff commenced this action seeking the removal of certain restrictions against the use of a 5.83-acre parcel and a 2.53-acre parcel of her property for any purpose other than the breeding and raising of mink animals and seeking removal of an easement for the use of water in a well upon her property. All defendants appeared except John J. Burke and Linda Smith. Supreme Court denied plaintiff's motion for summary judgment in her favor. This appeal from that order by plaintiff followed.

There should be an affirmance. Supreme Court did not err in denying plaintiff's motion for summary judgment. Questions of fact remain which require a full trial. Two issues are raised on this motion for summary judgment. The first involves whether plaintiff is bound by the restrictive covenants contained in the deeds to the 5.83-acre parcel and the 2.53-acre parcel. The second is whether there has been an aban-

---

* The record fails to indicate what type of school district respondent is (cf., 8 NYCRR 240.2 [a] [2]).

donment of the easement to use water from the well located on plaintiff's property.

Plaintiff contends that the covenants restricting the use of her property to the breeding and raising of minks were personal to her mother, the grantor, and may not now be enforced by defendants. In addressing a similar contention this court stated: "Whether a covenant is real and runs with the land or is personal to the grantor is determined by: (1) the intention of the parties; (2) whether the covenant 'touches' or 'concerns' the land; and (3) whether there is a privity of estate between the person claiming the benefit and the person carrying the burden of the covenant" (Orange & Rockland Utils. v Philwold Estates, 70 AD2d 338, 343, mod 52 NY2d 253). There is no dispute that in the instant case the covenants touch and concern the land insofar as they directly affect its use. Privity of estate is clearly established since both plaintiff and defendants share a common grantor. However, the intention of the parties is not clearly discernible.

In her supporting affidavit, plaintiff attempts to shed light on the parties' intention by stating that the purpose of the restrictive covenants was to protect her father's mink ranching operation while it was in business. She states that she derived this information through conversations with her parents. She also states that her parents approved of her husband's plans to convert the premises to living quarters. Plaintiff asserts she received this information from communications between her husband and her parents. However, to the extent these statements are premised on hearsay, they are inadmissible as evidence and may not be considered in support of her motion for summary judgment.

Plaintiff also points to the alleged absence of references to the covenants in the deed from her mother to Irwin and Rhoda Goldstein or in the deeds from her parents to John and Carolyn Burke, yet she has neglected to include the deeds in the record. Further, the words "heirs" or "assigns" are used in the deeds affecting plaintiff's two parcels of property. This language tends to support the conclusion that the covenants were intended to run with the land rather than that they were personal, as plaintiff contends. Bearing in mind that a strong showing is necessary for the movant to succeed on a motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067), the proof submitted is not sufficient to warrant summary judgment on the issue of intention.

Plaintiff's argument that the covenants should be extin-

guished based on changed conditions even if they are found to run with the land is rejected. A party seeking removal of the restrictions must demonstrate that removal would not harm the defendants, but that continuance of the restrictions does harm the plaintiff (see, Clintwood Manor v Adams, 29 AD2d 278, affd 24 NY2d 759). In Orange & Rockland Utils. v Philwold Estates (supra), this court found that the plaintiffs there had made the requisite showing of a total ban on the plaintiffs' use of their property. However, the case at bar does not involve a total ban on use. Nor has plaintiff met her burden of proof of establishing the changed conditions by competent evidence sufficient to warrant the grant of summary judgment.

Finally, concerning the issue of the alleged abandonment of the easement of the use of well water located on plaintiff's property, it is well settled that an easement will not be lost by mere nonuse, rather there must be a showing of circumstances indicative of an intention to abandon the easement (see, Snell v Levitt, 110 NY 595). Plaintiff asserts that abandonment of the easement occurred when the Burkes received a $1,000 reduction in the purchase price of the property and neither they nor the other defendants used the well thereafter. The language "in consideration of the water situation" was ambiguous as to future use of the water. The evidence on this issue was equivocal and thus, Supreme Court did not err in denying the grant of summary judgment.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.