■ CHARLES J. BROCCO et al., Respondents, v GERARD W. MILEO et al., Appellants, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 29, 1987 in Ulster County, which denied a motion by defendants Gerard W. Mileo and Dolores T. Mileo for summary judgment dismissing the complaint against them.

Plaintiffs and defendants Gerard W. Mileo and Dolores T. Mileo (hereinafter defendants) are adjoining landowners in the Town of Ulster, Ulster County. Defendants acquired title to their parcel by deed from Robert Marz and Muriel Marz in 1986. Plaintiffs acquired title to their adjoining land from the estate of Zita M. Herzog in 1984. Herzog died in 1981 or 1982. She had taken title from Anthony Qualtere and Angeline Qualtere in 1945. At issue is the use of an access way over defendants' land connecting plaintiffs' property to the public highway known as Ulster Landing Road. Plaintiffs brought this action in 1986, in which they assert alternative claims of either acquisition of title to the access way by adverse possession or a prescriptive easement. Defendants appeal from the denial of their motion for summary judgment dismissing the complaint against them.

Insofar as the complaint seeks title to the access way by adverse possession, Supreme Court should have granted summary judgment to defendants. There is no proof whatsoever submitted by plaintiffs that they or their predecessors in title had exclusive possession of the access way, which is necessary for establishing title by adverse possession (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120).

We, however, agree with Supreme Court that triable issues existed regarding plaintiffs' claim to a prescriptive easement, precluding summary judgment as to that claim. At her oral deposition, Josephine Qualtere testified that she resided at plaintiffs' property between 1929 and 1945 and that, during that period, she and her family continuously used the access way for ingress and egress to Ulster Landing Road. Additionally, affidavits from a neighboring property owner and from Herzog's daughter and executrix, executed when plaintiffs acquired title, averred that the Herzogs resided on the property continuously from 1945 and used the access way "for a continuous and uninterrupted period of time in excess of twenty [20] years". Such open, notorious and uninterrupted use of the access way is presumed to be adverse or hostile, under a claim of right (see, Borruso v Morreale, 129 AD2d 604, 605; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 121). This casts the burden on defendants to negate the presumption by showing that the use of plaintiffs' predecessors was permissive (supra). The purely hearsay statement of defendants' grantor that Herzog's use was by permission, as described in Gerard Mileo's affidavit and deposition, was unavailing for that purpose on defendants' motion (see, Bodin v Kinne, 128 AD2d 931, 932).

Defendants further argue that plaintiffs may not tack on the use of their predecessors in title in order to establish adverse use for the statutory period because the easement was not described in the deeds from the Qualteres to Herzog and there was no showing that those grantors intended to convey the easement. Since here there was an unbroken chain of privity, the properties were contiguous and the grantors may be considered to have "turned over" the use of the access way to their successors, the failure to include reference to the easement in the deeds does not prevent tacking (see, Slater v Ward, 92 AD2d 667, 668; Rasmussen v Sgritta, 33 AD2d 843).

Finally, defendants contend that plaintiffs' claim of a prescriptive easement must fail because the affidavits that plaintiffs submitted do not establish a continuous use of the access way during the period when Herzog initially took title in

1945. The affidavits in question may be read to the contrary. In any event, they clearly aver that the Herzogs continuously and without interruption used the right-of-way for more than the 20 years preceding the conveyance to plaintiffs in 1984. This would have been sufficient to have created the prescriptive easement before defendants first attempted to prevent access, under the longest statutory period of prescription (15 years) which may be applicable *(see,* former Civ Prac Act §§ 34, 35, L 1932, chs 262, 264; *Reiter v Landon Homes,* 31 AD2d 538, 539, *lv denied* 24 NY2d 738; *cf.,* CPLR 212 [a]).

Order modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment regarding the claim seeking title by adverse possession; grant the motion to that extent and dismiss that part of the complaint; and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.