◼ ROBERT S. McLEAN et al., Appellants-Respondents, v CLAIRE A. RYAN, Respondent-Appellant, et al., Defendants.— Harvey, J. Cross appeals from a judgment of the Supreme Court (Viscardi, J.), entered May 24, 1989 in Essex County, upon a decision of the court, without a jury, which determined the parties' respective rights in a common water system and granted defendant Claire A. Ryan a prescriptive easement over a portion of plaintiffs' property.

This action was commenced by plaintiffs pursuant to RPAPL article 15 to determine the parties' respective rights to a common water system servicing land owned by the parties and located on the east shore of Schroon Lake in the Town of Schroon, Essex County. Plaintiffs alleged they have a legal interest in the water system that they acquired through deeds and instruments and that defendants, their neighbors, should be restricted to the historic use of the system which has been the overflow. Apparently the system of pipes leading from the disputed water sources had been altered at various times relevant to this action and plaintiffs objected, *inter alia,* to defendants' actions in tapping into the water system at a point where such tapping allegedly interfered with plaintiffs' rights. Following commencement of this action, all defendants defaulted. However, the default judgment against defendant Claire A. Ryan (hereinafter defendant) was subsequently vacated upon motion by that party. In her answer, defendant asserted that she has rights to the water system itself and not just rights to the overflow. Defendant also counterclaimed that she had acquired a fee interest to a parking area located on plaintiffs' property through adverse possession. In the alternative, defendant claimed that she had acquired an easement by prescription or implication in the property.

Following a nonjury trial on these issues, Supreme Court ultimately found in plaintiffs' favor with respect to the water system but further concluded that defendant had acquired a prescriptive easement over the disputed parking area. These cross appeals ensued.

Initially, we find that Supreme Court correctly found that plaintiffs have a legal interest in the disputed water system configuration that existed at the time of their purchase of the property and, therefore, defendant's rights are limited to the overflow of that system. As established at trial, the premises belonging to defendant were conveyed to her and her husband by John Kenedy for use as a seasonal residence in October 1966. The parcel was subsequently wholly conveyed to defendant. Previously, in December 1957, Kenedy had conveyed a contiguous parcel to Philip and Ernest Gerhardt. The Gerhardt parcel was subdivided and, in August 1976, a portion was conveyed to plaintiffs to also be used as a seasonal residence. Significantly, the deed from Gerhardt to plaintiffs provides, in part: "The parties hereto further covenant and agree that they, their successors and assigns, shall not modify the existing water lines on the premises hereby conveyed, nor divert or restrict the water supply as it may exist from time to time without the written consent of the owners of the land involved to the south thereof, all as set forth in a deed from John L. Kenedy to Ernest and Philip Gerhardt dated September 20, 1957". The deed from Kenedy to defendant and her husband states that defendant's interest is "[subject] to covenants, rights of way, easements and restrictions of record". Significantly, no allegation is made that the restrictive covenant is not proper in all respects (see, 4A Warren's Weed, New York Real Property, Restrictive Covenants, § 2.01 [4th ed]).

At the time plaintiffs purchased the property, the system consisted of one pipe leading from a shallow well located on defendant's property to a reservoir located on the parcel retained by the Gerhardts, and an overflow pipe leading to a reservoir located on defendant's property. The pipe leading to plaintiffs' residence was attached to a "T". The record contains no evidence of changes in the water system's configuration that may have taken place after the land was purchased by the Gerhardts and prior to plaintiffs' purchase. Although the system as it existed at the time of plaintiffs' purchase was modified by an oral agreement in 1977 resulting in the attachment of a line leading from the "T" to defendant's residence, such agreement violates the Statute of Frauds (General Obligations Law § 5-703 [2]) and cannot affect plaintiffs' legal

rights under the deed to the water system that existed at the time the property was conveyed to them. Defendant's deed specifically makes her interest in the system subject to this right. Plaintiffs assert that the addition of the line in 1977 was a temporary convenience allowed to defendant and defendant has failed to prove otherwise. Accordingly, Supreme Court properly concluded that the system should be returned to the configuration that existed at the time of plaintiffs' purchase.

Next, we find no error in Supreme Court's conclusion that defendant acquired the right to a prescriptive easement over a parking area located on plaintiffs' property rather than acquiring title through adverse possession (see, RPAPL 521). Adverse possession of property is established by proof that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (Belotti v Bickhardt, 228 NY 296, 302; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120). The applicable statutory period is 10 years (RPAPL 311). The elements of an easement by prescription are basically identical but demonstration of exclusivity is not essential (see, Brocco v Mileo, 144 AD2d 200, 201).

We agree with Supreme Court that the record in this case fails to adequately establish defendant's exclusive possession or use of the parking area (see, supra). Nonetheless, despite the absence of this proof, the record supports a finding that defendant's use of the area was actual, open and notorious, and continuous for a period of 10 years. Where all other elements are established by the individual claiming easements, hostile use will be presumed and the burden shifts to the record owner to produce evidence that the use was permissive (see, Di Leo v Pecksto Holding Corp., 304 NY 505, 512; Brocco v Mileo, supra). Since Supreme Court reasonably chose not to credit plaintiffs' bald testimony that the use was permissive, the presumption of hostility was not rebutted and the court's finding was proper.

Finally, the remaining errors assigned to Supreme Court by plaintiffs have been examined and have been found to be without merit. Contrary to plaintiffs' arguments, it was not an abuse of Supreme Court's discretion to vacate the default judgment entered against defendant since defendant sufficiently demonstrated an acceptable excuse for her delay in appearing and answering the complaint, an absence of willfulness and a meritorious defense to the action (see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141; Tiger v

*Town of Bolton,* 150 AD2d 889, 890). Additionally, there is no support in the record for plaintiffs' assertion that the Trial Judge failed to maintain an impartial attitude at trial. Supreme Court's denial of plaintiffs' motion to sequester certain witnesses was well within that court's discretion under the circumstances. Nor are we persuaded that the court committed reversible error by admitting a certain tax map into evidence for the limited purpose of showing the relative locations of the property belonging to plaintiffs and defendant.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.