■ CHARLES J. BROCCO et al., Respondents, v GERARD W. MILEO et al., Appellants, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 1, 1989, which granted plaintiffs' motion for summary judgment.

Plaintiffs and defendants Gerard W. Mileo and Dolores T. Mileo (hereinafter collectively referred to as defendants) are owners of contiguous real property located in the Town of Ulster, Ulster County. In 1986, plaintiffs commenced the instant action claiming acquisition of either title by adverse possession to an access way over defendants' land or a prescriptive easement over such access way. At an earlier stage of this action, Supreme Court denied defendants' motion for summary judgment dismissing the complaint against them. Defendants appealed and we modified by reversing so much of the order as denied summary judgment with respect to plaintiffs' adverse possession claim (144 AD2d 200). We noted in that decision that Supreme Court properly concluded that triable issues existed with regard to plaintiffs' prescriptive easement claim (supra, at 201-202).

Subsequently, the parties conducted additional examinations before trial and plaintiffs then moved for summary judgment on their remaining claim. Supreme Court granted that motion and this appeal by defendants ensued.

There should be an affirmance. It is undisputed that defendants purchased their property in 1986 from Robert Marz and Muriel Marz and that plaintiffs acquired title to their property in 1984 from the estate of Zita Herzog, who took title in 1945. William Herzog (hereinafter Herzog), son of Zita Herzog, testified at his examination before trial that he lived on plaintiffs' property from 1945 until 1956 (with the exception of two years when he served in the military) and that he utilized the access way on a daily basis without any interference or obstruction during that period. Additionally, Herzog testified that after he moved from that residence in 1956, he continued to visit the property and to use the access way, again without interference, on almost a daily basis through 1960, and at least once a week thereafter until the property was sold in 1984. Joseph Fiore, Herzog's brother-in-law, testified that he visited plaintiffs' property, also utilizing the access way without interference, either once or twice a week between 1930 and 1984. Both Herzog and Fiore stated that they maintained the access way from 1945 to 1984 by shoveling, filling in potholes and/or cutting brush along the sides. Finally, the affidavit of Dolores Fiore, Herzog's sister, states that the

Herzog family used the access way from 1945 for a continuous and uninterrupted period of time in excess of 20 years.

In our view, plaintiffs sufficiently established through the foregoing submissions that the use of the access way by their predecessors was open, notorious and uninterrupted for more than the prescriptive period which, in this case, is 15 years *(see, Slater v Ward,* 92 AD2d 667, 668; *Carrington v McNeil,* 58 AD2d 719; *Reiter v Landon Homes,* 31 AD2d 538, 539, *lv denied* 24 NY2d 738), thus giving rise to a presumption that such use was adverse *(see, McLean v Ryan,* 157 AD2d 928, 930; *Borruso v Morreale,* 129 AD2d 604, 605; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 121, *appeal dismissed* 58 NY2d 824). Defendants then had the burden of negating that presumption by showing that the use by plaintiffs' predecessors was permissive *(see, Borruso v Morreale, supra; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra),* which they failed to do. In an attempt to meet their burden, defendants submitted, *inter alia,* an affidavit from their predecessor, Robert Marz, who stated that both he and his grantor gave the Herzogs permission to use the access way. However, any permission which may have been given by Marz after he took title in 1969 is irrelevant, since the easement in question was acquired by plaintiffs' predecessors prior to 1969. Moreover, as we discussed in our earlier decision in this case, Marz's assertion that his grantor gave the Herzogs permission to use the access way is merely hearsay and thus ineffective to defeat plaintiffs' motion (144 AD2d 200, 201, *supra; see, Bodin v Kinne,* 128 AD2d 931, 932). Accordingly, summary judgment was properly granted in plaintiffs' favor *(see, Colpitts v Cascade Val. Land Corp.,* 145 AD2d 750, 751-752).

Although defendants again rely on the absence of a description of the subject easement in the earlier deeds in plaintiffs' chain of title, such reliance is unwarranted since the deed from plaintiffs' grantor, who actually acquired the easement, contains such a description. Finally, defendants' claim that plaintiffs are guilty of laches is entirely without merit.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.