David L. Glickman, J.
This is a proceeding instituted under article 7 of the Beal Property Tax Law in which petitioners seek to review and annul tax assessments imposed for the tax year 1964^65 by respondents, constituting the Board of Assessors of Babylon Town. The controversy has been submitted on a written statement of agreed facts supplemented by a number of exhibits which have been marked in evidence. The pertinent proof thus presented discloses that petitioner, Oak Island Beach Association, Inc., is the lessee of certain town-owned lands by virtue of a lease executed by the Town of Babylon under date of September 12, 1959. The lands as described in said lease consist of certain lots situated at Oak Beach in the Town of Babylon as shown on a “ Map of Oak Beach, Oak Island Beach Association, Inc., Town of Babylon, County of Suffolk”, etc., except Lot No. 1 on said map, which map is attached to and forms a part of said lease. The petitioner, Oak Island Beach Association, Inc., is required under the terms of the aforesaid lease to pay an annual rent to the town of $5,000 plus $100 for each lot improved with a building. The current lease is one of a series of successive leases dating back some 40 years. The individual petitioners named herein are part of a group of 56 subtenants who have sublet separate lots from the corporate petitioner. On almost all of these lots houses have been constructed and the ownership of these houses has remained with the respective subtenants. The town has continuously assessed the houses for tax purposes and taxes thereon have been paid to the town directly by the subtenants. No taxes for land assessments were levied against petitioners until the imposition of the aforesaid assessments for the tax year 1964r-65. The last-mentioned assessments are made against the leased lands (as distinguished from, the building improvements thereon) and are entered in the town tax records against the corporate petitioner and the individual subtenants.
*23 The issue presented for determination deals with the legality of the land assessments thus imposed. Petitioners contend that respondents may not lawfully assess leased lands which are owned by the town itself and enter such assessments against the leaseholders, because a leasehold is personalty and therefore is not subject to land taxes. Respondents, on the other hand, insist that since the land is not applied to a public use, it is lawfully taxable and that such tax is properly assessed to the petitioners because of a provision in the lease whereby the lessee agrees to pay all taxes lawfully assessed. It should be noted that the lease in fact under paragraph “11th” thereof provides: “11th. The tenant hereby agrees to pay all taxes properly levied against the property by any governmental department or that may be lawfully assessed by the officials of the town of babylon, and in the event of its failure to do so, the same shall be added to and become part of the rent then due and be collected in the same manner as the rent over the remaining term of the lease.” If the taxes are lawfully assessed, then under the terms of paragraph “ 11th” of the lease petitioners are obligated to pay such taxes; if the assessments are illegal, then a fortiori petitioners are free of any obligation to meet such payments and the assessments should be annulled.
The applicable sections of the Real Property Tax Law pertinent to the instant controversy are contained in articles 3 and 4 of the Real Property Tax Law. Section 300 requires that all real property within the State shall be subject to real property taxation, unless exempt therefrom by law. Section 406, so far as pertinent, provides that real property owned by a municipal corporation and held for a public use shall be exempt from taxation. The leased property involved in this proceeding concededly is owned by the Town of Babylon, a municipal corporation. Is the property utilized for a public purpose? The answer is found in the fact that all of the lands in question are leased for a stipulated rent to a private corporation and sublet to private individuals for its or their sole and exclusive possession and enjoyment. The town performed not a governmental act but a proprietory function when it engaged in this business transaction which resulted in the private occupancy of its property. (Matter of Town of Huntington v. Bradford, 248 App. Div. 730, affd. 273 N. Y. 603; County of Herkimer v. Village of Herkimer, 251 App. Div. 126, affd. 279 N. Y. 560.) It is obvious, therefore, that the property is not employed in a public use, and fails of tax exemption under section 406.
Accordingly, the court concludes that the leased lands may be lawfully assessed for taxes and that such assessments prop *24 erly may be entered against the names of petitioners. In arriving at this conclusion, the court has considered the following arguments advanced by petitioners and finds none of them persuasive:
(1) That a leasehold is personalty and is not subject to assessment, as in the case of real property, is a well-recognized principle of law. However, the assessments here are against the real property, as required by section 304 of the Real Property Tax Law. Petitioners are named in the assessments because of their agreements to assume the payment of the taxes. But for these agreements, the assessments of necessity would be against the Town of Babylon, as owner, and might possibly be a futile gesture, as urged by petitioners. But the assessment is not futile when a private corporation or private individuals are obligated to pay the taxes by voluntary agreement. There is nothing illegal in a lessee agreeing to assume taxes as part of the rent required to be paid under a lease, and this is what these petitioners have agreed to do. Since this court has determined the lawfulness of the assessments, petitioners’ legal obligation to meet such taxes necessarily follows.
The authorities on this point cited by petitioners in their memorandum are distinguishable. Those cases dealing with property owned by the United States (Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors of Town of Riverhead, 2 N Y 2d 500; Matter of Fort Hamilton Manor v. Boyland, 4 N Y 2d 192; Matter of Mitchel Manor v. Board of Assessors, Nassau County, 10 A D 2d 854) are inapplicable because of the tax exempt status accorded the United States under section 400 of the Real Property Tax Law. This section contains no requirement that the property be held for public use, as in the case of municipally owned property exempted under section 406. In all three of the above cases, the Federal Grovernment, through Federal legislation, consented to a waiver of its tax immunity insofar as its lessees’ interests were concerned. There was no waiver of its immunity as a fee owner. As a matter of fact, the Mitchel Manor case (supra) dealt with an assessment against buildings and improvements only, which is not an issue in the instant proceeding. The important distinguishing factor is that in the cited cases the United States ownership was the reason for tax exemption, regardless of public use; in the case at bar the town ownership was not exempt because of the absence of public use, and it is the town’s fee title that has been taxed, not the leasehold. Petitioners argue that by taxing the land, respondents are taxing the leasehold; that they are doing indirectly what they may not do directly. This may be the result, *25 but it cannot serve to prevent the imposition of a tax lawfully assessed. As Judge Yak Voorhis said, speaking for the Court of Appeals in the Matter of Fort Hamilton Manor case (supra, p. 198): “ The New York State tax upon real property is the sole basis for this assessment. A tax on real property does not touch the leasehold interest of petitioner-appellant since this is personal property. If the fee were privately owned, the real property tax would attach to the combined interests of all parties interested in this land. That is impossible here inasmuch as this fee is vested in the Government.” (Emphasis supplied.) As we have seen, the property in the instant proceeding is not exempt. It is held by the town in its proprietary capacity and therefore falls in the same category as privately owned property, in which case the tax attaches “ to the combined interests of all parties interested in this land”. Other cases cited by petitioners on this point are not controlling for the reason that in none of them does it appear that the lessee has specifically agreed to assume the payment of the tax imposed or to have it become a part of the rent required to be paid under the lease.
(2) The fact that the leased property had never been assessed prior to the tax year 1964^65 is no sound reason for rejecting the assessments and the taxes thereunder levied for that year. If the Board of Assessors erred in failing to assess the property in prior years, possibly under a misconception that it enjoyed tax exemption because of town ownership, that error should not be perpetuated where the assessment is in fact legal and required to be imposed by law. Here there is no ambiguity, or doubt, or conflict of statutes, such as impelled the application of the rule referred to in the authorities cited under point (5) of petitioners’ memorandum.
(3) The question of the intent of the parties with respect to such assessment at the time of the execution of the lease is of no import, since the town cannot agree to an illegal act; i.e., the exemption from taxes of property which may not legally be exempted. In view of the specific requirements of the statute, the argument that the town is impairing its contractual obligation by reason of the present assessments is without legal merit. The case of Matter of Wa-Wa-Yanda, Inc. v. Dickerson (18 A D 2d 251) is not to the contrary. In that case, the town, by its own act in adopting a resolution amending its zoning ordinance so as to reclassify petitioner’s property after it had leased the land, prevented its lessee from using the land for a purpose authorized under the lease. In the case at bar, the statute involved is a legislative enactment of the State Legislature and was in effect at the time the lease was executed.
*26 (4) Petitioners’ reference to other town-owned lands in the Town of Babylon which have been exempted from taxes or against which no assessments have been made by respondents cannot serve as a- criterion for voiding the tax assessment imposed in the instant case. The validity of the action taken by the Board of Assessors with respect to other town-owned lands must depend upon the circumstances relating to those lands, particularly as to whether or not said lands are devoted to public use. The only proceeding before this court involves the property leased to petitioners. The court does not in this proceeding pass upon the legality of respondents’ actions with respect to any other property; in any event, such actions can have no legal bearing upon the determination in this proceeding.
(5) Petitioners’ contention that the town may proceed only by an action in rem to collect unpaid town taxes, and may not hold petitioners personally liable therefor is inadequate to support their claim that the assessment should be annulled. The fact cannot be overlooked that petitioners by valid agreement have undertaken to pay any lawfully assessed tax and have further agreed that if such tax is not paid by them, it shall be added to and become a part of the rent reserved under the lease and shall be collected in the same manner as rent. This agreement establishes petitioners’ personal liability. If such assessments result in an increase in the amount of rent payable, it is an obligation which petitioners have legally and voluntarily assumed.
(6) Other points urged by petitioners in their memorandum are without legal merit. Contentions, such as the alleged violation by the town of the covenant of quiet enjoyment contained in the lease, or that the doctrine of estoppel is applicable to prevent the assessment in question, are without force when weighed against the obligation imposed by law upon the town to assess all properties in the town not otherwise exempt.
The petition herein is dismissed on the merits, without costs.