(March 30, 1992)

■ ATRIA ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 1.) ATRIA EAST ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 2.) COLISEUM TOWERS ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 3.) DIFAZIO ELECTRIC, INC., et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 4.) FINANCIAL CENTER ASSOCIATES OF EAST MEADOW, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 5.) GARMEL ENTERPRISES, INC., Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 6.) GURNETT ROCK, INC., Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 7.) L.B. REALTY Co., Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 8.) MEADOWBROOK PLAZA SOUTH, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 9.) MITCHEL-OAK STREET ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 10.) NASSAU-MERRICK AVENUE REALTY COMPANY, Respondent, v COUNTY OF NASSAU et al., Appellants, et al.,

Defendant. (Action No. 11.) RECKSON ASSOCIATES et al., Respondents-Appellants, v COUNTY OF NASSAU et al., Appellants-Respondents, et al., Defendants. (Action No. 12.) GERARD RODOLITZ et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. (Action No. 13.) RODOLITZ ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. (Action No. 14.) SEAMAN-MITCHEL ASSOCIATES, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 15.) UNITED PARCEL SERVICE, INC., Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 16.) OAK REALTY COMPANY, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 17.) FREQUENCY ELECTRONICS, INC., Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 18.) ROLIN REALTY COMPANY, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 19.)—In actions by the lessees of certain real property owned by the County of Nassau, *inter alia,* for a judgment declaring that certain retroactive real property tax assessments are void, the defendants, with the exception of the Town Receiver of Taxes of the Town of Hempstead, appeal, as limited by their brief, from so much of 19 orders and judgments (one as to each action) of the Supreme Court, Nassau County (McGinity, J.), dated October 2, 1989 (Action No. 16), October 10, 1989 (Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15), November 28, 1989 (Action Nos. 18 and 19), and December 7, 1989 (Action No. 17), as, *inter alia,* (1) granted the plaintiffs' separate motions for summary judgment declaring that the defendants are precluded from collecting certain real property taxes on the ground that retroactive assessments are null and void, and (2) granted those branches of the motions by the plaintiffs DiFazio Electric, Inc., Concept 400 Realty Co., Computer Associates International, Inc. (Action No. 4), and Reckson Associates and HMCC Associates (Action No. 12), which were for summary judgment declaring that they are not liable for that portion of the property taxes assessed against the land on which the leased property is located. The plaintiffs Reckson Associates and HMCC Associates cross appeal, as limited by their notice of appeal and further limited by their brief, from so much of the order and judgment of the same court, dated October 10, 1989 (Action No. 12), as denied those branches of their motion which were for (1) summary judgment declaring January 28, 1989, to be the "rent commencement date" of the parcel C lease and that the plaintiffs are not responsible for the payment of real

estate taxes on parcel C prior to that date, (2) injunctive relief, and (3) a refund of certain real property taxes and rents.

Ordered that the order and judgment in Action No. 4 is modified, on the law, by deleting the provision thereof which granted that branch of the motion of the plaintiffs DiFazio Electric, Inc., Concept 400 Realty Co., and Computer Associates International, Inc., which was for summary judgment declaring that they are not liable for that portion of the property taxes assessed against the land on which the leased property is located, and substituting therefor a provision denying that branch of their motion; as so modified the order and judgment in Action No. 4 is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County for a hearing on the issue of whether the plaintiffs are liable under the subject leases for that portion of the property taxes assessed against the land on which the leased property is located; and it is further,

Ordered that the order and judgment in Action No. 12 is modified, on the law, by deleting (1) the provision thereof which granted that branch of the motion of the plaintiffs Reckson Associates and HMCC Associates which was for summary judgment declaring that they are not liable for that portion of the property taxes assessed against the land on which the leased property is located, and substituting therefor a provision denying that branch of their motion, and (2) the provision thereof which denied that branch of the motion of the plaintiffs Reckson Associates and HMCC Associates which was for summary judgment declaring January 28, 1989, to be the "rent commencement date" of the parcel C lease and substituting therefor a provision granting that branch of their motion; as so modified the order and judgment in Action No. 12 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County for (1) entry of an appropriate amended judgment, *inter alia,* declaring January 28, 1989 to be the "rent commencement date" of the parcel C lease, and (2) a hearing on the issue of whether the plaintiffs are liable under the subject leases for that portion of the property taxes assessed against the land on which the leased property is located; and it is further,

Ordered that the orders and judgments in the remaining actions are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Between 1979 and 1986 the County of Nassau executed 22 substantially similar leases with the plaintiffs, requiring them to develop portions of a County-owned property known as Mitchel Field for commercial uses. The leases provided, *inter alia,* that the County would take no steps to place the demised premises on the tax rolls until a "rent commencement date", defined generally as 18 months after the necessary zoning variances for the agreed-upon use had been obtained. After the rent commencement date, the lessees would be responsible for all taxes "which * * * may * * * be charged, levied, * * * become due and payable, or liens upon or for or with respect to the Building, appurtenances or equipment".

The plaintiffs duly paid those taxes levied after the rent commencement date as provided in their respective leases. However, on August 27, 1988, the County took steps to collect taxes for the period between the execution of the leases and the applicable rent commencement dates. The plaintiffs brought these actions, *inter alia,* to declare the retroactive assessments null and void.

Only the State Legislature is empowered to grant exemptions from property taxation *(see,* RPTL 300; *People ex rel. Buffalo & Fort Erie Pub. Bridge Auth. v Davis,* 277 NY 292). The County, therefore, had no authority to refrain from taxing this County property held for a private use *(see,* RPTL 406; *Matter of Oak Is. Beach Assn. v Mascari,* 47 Misc 2d 21, *affd* 25 AD2d 497, *affd* 18 NY2d 861).

Moreover, the County cannot be estopped from its statutory duty to enroll and assess property, and estoppel cannot be utilized to enforce a municipal contract that violates express statutory provisions *(see, Granada Bldgs. v City of Kingston,* 58 NY2d 705; *see also, Matter of Yachthaven Rest.,* 103 Bankr 68, 77-78). The County could not agree to refrain from enrolling and taxing non-exempt property.

However, the impropriety of the attempt to grant this tax exemption does not impose any duty to pay property taxes upon the plaintiffs. As a general rule, liability for property tax rests with the owner, not the tenant *(see, Black v General Wiper Supply Co.,* 305 NY 386, 392). Without specific agreement the tax liability for municipal property not held for public use lies with the municipality itself *(see, Wilson & Co. v City of New York,* 73 NYS2d 206, 209, *affd* 276 App Div 755; *Matter of Oak Is. Beach Assn. v Mascari,* 47 Misc 2d 21, *affd* 25 AD2d 497, *affd* 18 NY2d 861, *supra).*

The plaintiffs' obligation to pay property tax arises solely

from the leases, and does not depend on whether the property was properly enrolled and assessed. Under the clear terms of the leases, the plaintiffs assumed tax liability as of the rent commencement date. Nothing in the leases provided for any liability on the plaintiffs' part before that date. Severance of the illegal tax exemptions and enforcement of the remainder of the lease is the proper remedy, as it maintains the substance of the contracts between the parties *(see, Artache v Goldin,* 133 AD2d 596, 599; *Stephan v Shulman,* 130 AD2d 484; *Wilson & Co. v City of New York, supra).* Accordingly, the orders and judgments appealed from are affirmed insofar as they held the retroactive assessments null and void.

In addition, we note that RPTL 553 supersedes Nassau County Administrative Code § 6.24, and had retroactive assessments been permitted, they would have been limited to the year immediately preceding the current tax year *(cf., Western N. Y. & Pa. Ry. Co. v City of Buffalo,* 176 Misc 350, *affd* 264 App Div 832, *affd* 290 NY 702).

The plaintiffs DiFazio Electric, Inc., Concept 400 Realty Co., Computer Associates International, Inc., Reckson Associates, and HMCC Associates also obtained summary judgment declaring that they were liable only for that portion of the property tax assessed against the buildings and appurtenances leased by them, and not the land. We find, however, that the language of the relevant section of the lease is so confusing that it renders impossible any determination of the intention of the parties. Since "the intent must be determined by * * * evidence [and] inferences outside the written words of the instrument * * * a question of fact [is] presented" *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291), and summary judgment was improperly granted. The orders and judgments appealed from are modified accordingly and the matters are remitted to the Supreme Court, Nassau County for a hearing on this issue.

The plaintiffs Rodolitz Organization, Rodolitz Associates, and Seaman-Mitchel Associates also raise this issue on appeal, but failed to raise it in their pleadings, and no portions of the orders and judgments they appeal from refer to this question. With respect to these plaintiffs this issue is not properly before this court.

Finally, the unrefuted evidence submitted by the plaintiffs Reckson Associates and HMCC Associates reveals that there was a formal acknowledgment by the Board of Supervisors of the Town of Hempstead that although it was properly apprised of the need for a variance based on building height as

well as the need for a change in zoning classification, it failed through inadvertence to grant the variance until July 28, 1987. Since the term commencement date under the lease was defined as the date the property was zoned in terms no less restrictive than those approved by the County Planning Commission, and as the Planning Commission approval allowed a building slightly lower than that finally permitted but higher than that allowed by the earlier, incomplete rezoning, July 28, 1987, was the term commencement date, and the rent commencement date was January 28, 1989, eighteen months after the amendment was granted. Accordingly, summary judgment on this issue is granted in favor of these plaintiffs. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.