■ ROBERT M. BOGAN, Appellant, v NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY et al., Respondents. [606 NYS2d 775] — In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Ruskin, J.), entered February 6, 1991, which granted the motion of the defendant Northwestern Mutual Life Insurance Company for summary judgment dismissing the first, fourth and sixth causes of action insofar as they are asserted against it, and (2) as limited by his brief, from so much of an order of the same court, entered June 27, 1991, as denied that branch of his motion which was for leave to serve an amended complaint.

Ordered that the order entered February 6, 1991, is affirmed; and it is further,

Ordered that the order entered June 27, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Northwestern Mutual Life Insurance Company is awarded one bill of costs, payable by the appellant.

On October 1, 1987, the plaintiff entered into a contract with defendant Austin E. Hodgkins, Jr., a General Agent for Northwestern Mutual Life Insurance Company (hereinafter NML), under which the plaintiff was to become a District Agent. Pursuant to paragraph 4 of that contract as well as the contract between Hodgkins and NML, a General Agent and a District Agent are independent contractors and not employees of NML. Paragraph 20 of the plaintiff's contract further provides that it may be terminated by either party, at any time, without cause, upon 30 days' written notice. The endorsement on the final page of the contract purports to be the only agreement between NML and the plaintiff, and it states that NML shall not be liable to the District Agent in any manner except as specifically set forth in that endorsement. None of the exceptions apply here. The contract provides that it shall be governed by and construed in accordance with the laws of the State of Wisconsin. On May 29, 1990, Hodgkins

served the plaintiff with notice that the contract would be terminated without cause in 30 days. A further notice of termination for cause dated June 1, 1990, was served upon the plaintiff, to be effective June 4, 1990.

NML has established by evidentiary proof that the relationship between Hodgkins and itself was that of an independent contractor *(see, Pierce v Northwestern Mut. Life Ins. Co.,* 444 F Supp 1098; *Northwestern Mut. Life Ins. Co. v Tone,* 125 Conn 183, 4 A2d 640; *Badger Furniture Co. v Industrial Commn.,* 200 Wis 127, 227 NW 288), and that Hodgkins was not acting on NML's behalf when it entered into the contract with the plaintiff. In light of the documentary evidence, summary judgment was properly granted, even though discovery was not complete *(see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026).

Furthermore, the court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve an amended complaint, since it was not made until after the order granting summary judgment was issued and was therefore untimely. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.