[637 NYS2d 972]

COLISEUM TOWERS ASSOCIATES, Appellant, v COUNTY OF NASSAU
et al., Respondents.

Second Department, February 5, 1996

*Rivkin, Radler & Kremer,* Uniondale *(Joseph J. Ortego, Evan H. Krinick* and *Thomas J. McGowan* of counsel), for appellant.

*Owen B. Walsh, County Attorney* of Nassau County, Mineola, and *Snitow & Pauley,* New York City *(William S. Norden* of counsel), for respondents. (One brief filed.)

## OPINION OF THE COURT

BRACKEN, J. P.

The doctrine of res judicata does not require a taxpayer, who has what are essentially two separate and distinct grievances against a single taxing authority, to assert both grievances simultaneously in the same complaint. The fact that both grievances relate to a tax imposed on a single piece of property does not automatically mean that the two grievances arise from the same transaction for the purposes of applying the doctrine of res judicata. For these reasons, we reverse the order appealed from and deny the motion to dismiss the instant declaratory judgment action.

In *Atria Assocs. v County of Nassau* (181 AD2d 847, 850), we described the factual background of the present case as follows:

"Between 1979 and 1986 the County of Nassau executed 22 substantially similar leases with the plaintiffs, requiring them to develop portions of a County-owned property known as Mitchel Field for commercial uses. The leases provided, *inter alia,* that the County would take no steps to place the demised premises on the tax rolls until a 'rent commencement date', defined generally as 18 months after the necessary zoning variances for the agreed-upon use had been obtained. After the rent commencement date, the lessees would be responsible for

all taxes 'which * * * may * * * be charged, levied, * * * become due and payable, or liens upon or for or with respect to the Building, appurtenances or equipment.'

"The plaintiffs duly paid those taxes levied after the rent commencement date as provided in the respective leases. However, on August 27, 1988, the County took steps to collect taxes for the period between the execution of the leases and the applicable rent commencement dates. The plaintiffs brought these actions, *inter alia,* to declare the retroactive assessments null and void".

The plaintiffs referred to in *Atria Assocs.* were 19 different tenants of Nassau County (hereinafter the County), including the plaintiff herein, Coliseum Towers Associates (hereinafter CTA). In *Atria Assocs.,* we held that, as to all 19 plaintiffs, including CTA, the retroactive tax assessments referable to the period preceding the "rent commencement date" were "null and void" *(Atria Assocs. v County of Nassau, supra,* at 851).

The present action is essentially based on CTA's allegation that, pursuant to its lease, it "has no obligation to pay any portion of the real property taxes levied against the land [as opposed to the building] portion of the premises". This issue was not raised by CTA in the prior litigation which culminated in our order in *Atria Assocs. v County of Nassau (supra).* The complaint served by CTA in that case requested only the relief which was eventually granted. CTA did not request in that earlier complaint the relief which it now seeks.

The Supreme Court granted the County's motion to dismiss the present action on the basis of res judicata. The court stated, "the claims asserted in the instant litigation, to wit, [those relating to] plaintiff's * * * obligation to pay taxes on the building only, should have been included in the prior declaratory judgment action". We disagree with this analysis.

In *County of Nassau v New York State Pub. Empl. Relations Bd.* (151 AD2d 168, 185-186, *affd* 76 NY2d 579) we formulated the familiar definition of res judicata, or claim preclusion, in the following terms:

"The doctrine of res judicata prohibits a party from relitigating any claim which could have been or which should have been litigated in a prior proceeding *(see, Hyman v Hillelson,* 79 AD2d 725, 726, *affd* 55 NY2d 624). Pursuant to the doctrine of res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories

or if seeking a different remedy' *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see also, Smith v Russell Sage Coll.,* 54 NY2d 185; *Matter of Reilly v Reid,* 45 NY2d 24; *Feigen v Advance Capital Mgt. Corp.,* 146 AD2d 556, 558; *Yerg v Board of Educ.,* 141 AD2d 537, 538; Restatement [Second] of Judgments § 24)."

"The doctrine of claim preclusion rests upon the all-important principle that ' " '[j]ustice requires that every cause be once fairly and impartially tried; but the public tranquility demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever' " ' *(Ryan v New York Tel. Co., supra,* at 500, quoting *Fish v Vanderlip,* 218 NY 29, 37, quoting Greenleaf, Evidence §§ 522, 523)". *(Supra,* at 185.)

In the *Atria Assocs.* litigation, the plaintiff CTA complained about a tax that was alleged to have an illegal reach in terms of time. CTA complained, in other words, that the County had improperly imposed a tax relative to the time preceding the "rent commencement date". In the present litigation, the plaintiff CTA complains instead about a tax that is alleged to have an illegal reach in terms of space. CTA complains, in other words, that the County has improperly imposed a tax on CTA's land, rather than on CTA's building. The question is whether these two distinct wrongs arise out of the same transaction or series of transactions *(cf., County of Nassau v New York State Pub. Empl. Relations Bd., supra,* at 185, citing *O'Brien v City of Syracuse,* 54 NY2d 353, *supra).*

We have previously approved the pragmatic approach in determining what constitutes a single transaction or series of transactions for the purposes of applying the doctrine of res judicata. In *Braunstein v Braunstein* (114 AD2d 46, 53), we stated: "Res judicata serves to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same 'factual grouping' or 'transaction', and which should have or could have been resolved in the prior proceeding. This pragmatic transactional analysis approach of the res judicata doctrine arises out of an observation that 'a claim or cause of action [is] "coterminous with the transaction regardless of the number of substantive theories or variant forms of relief * * * available to the plaintiff" (Restatement, Judgments 2d [Tent Draft No. 4, 1978], § 61, Comment *a)' (Smith v Russell Sage Coll.,* 54 NY2d 185, 192; *see also, O'Brien v City of Syracuse,* 54 NY2d 353, 357). In order for res judicata to apply, however, the foundational facts must be related in ' "time, space, origin, or motiva-

tion [as well as] form a convenient trial unit" ' and it must be established that the ' "treatment [of the foundational facts] as a unit conforms to the parties' expectations" ' *(Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193, *supra,* quoting from Restatement [Second] of Judgments [Tent Draft No. 1] § 61)."

This pragmatic approach is currently defined in Restatement (Second) of Judgments § 24 (2), as follows: "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

This pragmatic approach is also reflected in the decision of the Appellate Division, First Department, in *Jefferson Towers v Public Serv. Mut. Ins. Co.* (195 AD2d 311). In *Jefferson Towers,* the First Department stated, "a second action may not be barred even if both actions arise from an identical course of dealing, if the * * * elements of proof and evidence required to sustain recovery vary materially" *(Jefferson Towers v Public Serv. Mut. Ins. Co., supra,* at 313, citing *Lukowsky v Shalit,* 110 AD2d 563, 566). The *Jefferson Towers* decision also referred to a special exception to the doctrine of res judicata applicable to declaratory judgment actions. The First Department stated, "[t]he preclusive effect of the declaratory judgment [entered in the first action] is limited to the subject matter of the declaratory relief sought" *(Jefferson Towers v Public Serv. Mut. Ins. Co., supra,* at 313, citing *Harborside Refrigerated Servs. v Vogel,* 959 F2d 368, 372; *see also, Dale Renting Corp. v Bard,* 39 Misc 2d 266, 267, *affd* 19 AD2d 799; *Lynch v Bailey,* 198 Misc 685, 687). In the instant case, we need not decide whether a special exception to the general principles of res judicata exists so as to diminish the preclusive effect of declaratory judgments because we conclude that under general principles of res judicata, the prior declaratory judgment in this case need not be given preclusive effect.

Considering all the factors here presented, we are not of the opinion that application of the doctrine of res judicata should preclude litigation on the merits of the plaintiff's current claim relating to the spatial extent of the real property tax. The plaintiff's grievance relating to the spatial validity of the real property tax is independent of its grievance relating to the temporal validity of that tax. No particular judicial economy

would have been achieved by the litigation of these two separate claims under the aegis of a single complaint. This is reflected most obviously in the fact that the plaintiff's claim as to the temporal impropriety of the real property tax was found in the *Atria Assocs.* case (181 AD2d 847, *supra)* to be amenable to summary resolution, whereas the issues relating to the alleged spatial impropriety of the tax, which had been raised by parties other than the plaintiff CTA, were found not to be amenable to accelerated resolution *(Atria Assocs. v County of Nassau, supra,* at 851). The differences which exist between the issues raised in the prior litigation and those raised now, namely, the differences in the kind of relief sought, in the kind of facts to be proved, and in the kind of law to be applied, outweigh the similarities to such an extent as to render the doctrine of res judicata inapplicable.

In the previous action, the plaintiff sought a declaration that the defendants were not authorized to assess real property taxes against the subject premises from April 28, 1981, through the tax year 1983-1984. By way of contrast, the present litigation concerns real property taxes owed commencing in the 1984-1985 tax year, and the central issue is whether the plaintiff owes the taxes on the building alone or on the land as well. Thus, the taxation alleged in the present case to be wrongful includes taxes that became due and have been paid (under protest) after the resolution of the prior declaratory judgment action, and which will continue to become due for many years into the future. Considering all the factors outlined above, we conclude that res judicata is not a bar to the present action *(see, Smith v Russell Sage Coll.,* 54 NY2d 185, *supra; Matter of Reilly v Reid,* 45 NY2d 24, *supra; Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, *affd* 48 NY2d 954; *Deutsch v Crosson,* 171 AD2d 837; *Gelb v Hatton,* 128 AD2d 501).

For these reasons, the order appealed from should be reversed, on the law, the defendants' motion should be denied, and the complaint should be reinstated.

MILLER, SULLIVAN and FLORIO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to dismiss the complaint is denied, and the complaint is reinstated.