■ JONAH FINKELSTEIN, Respondent, v RONY ILAN et al., Appellants, et al., Defendants. [658 NYS2d 78] —In an action, *inter alia,* to foreclose a mortgage, the defendants Rony Ilan and 203 Bond Street, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feinberg, J.), dated August 9, 1995, as granted those branches of the plaintiff's motion which were (1) to dismiss their fifth and eighth affirmative defenses, and (2) for partial summary judgment on the third cause of action asserted in the amended complaint awarding the plaintiff the principal sum of $45,000 without prejudice to the plaintiff's claim to foreclose the mortgage.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted that branch of the plaintiff's motion which was to dismiss the fifth and eighth affirmative defenses and substituting therefor a provision denying that branch of the plaintiff's motion, and (2) deleting from the fifth decretal paragraph thereof the words "without prejudice to plaintiff's claim to foreclose the mortgage"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff sold the subject property to the appellants Rony Ilan and 203 Bond Street, Inc., in 1988. The appellants signed a $90,000 promissory note dated May 23, 1988, which was secured by a $90,000 mortgage. Subsequently, in July 1988 the plaintiff and the appellants entered into a reduction agreement pursuant to which the $90,000 promissory note was declared a nullity, a satisfaction of mortgage was signed, and a new promissory note in the amount of $45,000 was executed, which was to be paid in full within 100 days. The satisfaction of mortgage was to be held in escrow pending payment of the

$45,000. In May 1989 the plaintiff brought an action against the appellants to set aside the conveyance on the ground of fraud, alleging, *inter alia,* that he was deceived into accepting the payment specified in the reduction agreement for the property. That action was dismissed in January 1991 on the ground that it was barred by the Statute of Frauds.

The plaintiff commenced the instant action to foreclose ·the $90,000 mortgage in late 1992. The court subsequently granted the plaintiff's motion to amend the complaint, *inter alia,* to add three causes of action addressed to the reduction agreement, namely, to rescind that agreement as void because the plaintiff was mentally incapacitated when he signed it, to rescind that agreement because the appellants breached its terms, and to recover a money judgment on the $45,000 note.

The appellants, in their fifth and eighth affirmative defenses, alleged that the action was barred by the doctrines of res judicata and collateral estoppel, based on the previous action between the parties which was dismissed in January 1991. The plaintiff moved to dismiss these affirmative defenses and, in a separate motion, sought partial summary judgment on the fourth cause of action asserted in the amended complaint, which sought to recover the principal sum of $45,000.

We conclude that the Supreme Court erred in granting the plaintiff's motion to dismiss the appellants' fifth and eighth affirmative defenses based on collateral estoppel and res judicata. "The doctrine of res judicata prohibits a party from relitigating any claim which could have been or which should have been litigated in a prior proceeding" *(County of Nassau v New York State Pub. Empl. Relations Bd.,* 151 AD2d 168, 185, *affd* 76 NY2d 579; *Hyman v Hillelson,* 79 AD2d 725, 726, *affd* 55 NY2d 624; *Coliseum Towers Assocs. v County of Nassau,* 217 AD2d 387, 389). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). Thus, the plaintiff is precluded from litigating in this action any issue as to the validity of the reduction agreement which could have been raised in the prior action, and the appellants' affirmative defenses should not have been dismissed. However, we agree with the Supreme Court that the doctrine of res judicata does not bar the instant action insofar as it seeks relief based upon the appellants' alleged default under the terms of the reduction agreement. The appellants concede that they owe the plaintiff $45,000 on the promissory note, and the plaintiff moved for partial summary

judgment on the basis of that concession. The Supreme Court therefore properly granted the plaintiff's motion. However, it was error to grant summary judgment on the fourth cause of action "without prejudice" to the plaintiff's foreclosure claim.

We note that it is not clear on this record whether the parties intended a mortgage in the reduced amount of $45,000 to remain as security for the $45,000 promissory note, although the appellants refer to such a mortgage in their brief. In any event, it is not necessary for us to address that issue at this juncture. "It is fundamental that the holder of a note (or bond) and mortgage has two remedies: one at law in a suit on the debt as evidenced by the note, the other in equity to foreclose the mortgage" *(Copp v Sands Point Marina,* 17 NY2d 291, 293; *see also, Bank Leumi Trust Co. v Sibthorp,* 135 AD2d 476; *Wyoming County Bank & Trust Co. v Kiley,* 75 AD2d 477, 480). Accordingly, since the court granted the plaintiff judgment on the note, the plaintiff may not pursue the remedy of foreclosure unless an execution upon the judgment to the sheriff has been returned wholly or partly unsatisfied *(see,* RPAPL 1301 [1]). Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.