■ INCORPORATED VILLAGE OF LAUREL HOLLOW, Appellant-Respondent, v WILLIAM A. NICHOLS et al., Respondents, and ALEXIS QUARTARARO, Respondent-Appellant. [688 NYS2d 581] —In an action, *inter alia,* for a judgment enjoining the defendants, their heirs, successors, or assigns from any use of their respective lots until subdivision approvals or waivers of subdivision are obtained from the Planning Board of the Incorporated Village of Laurel Hollow, the defendant Alexis Quartararo appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 9, 1998, which, *inter alia,* denied that branch of her motion which was to dismiss the complaint insofar as asserted against her on the ground that the action is barred by res judicata, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as directed it to serve a second amended complaint naming John D. Owen as a party defendant in the action.

Ordered that the cross appeal is dismissed as academic in light of our determination of the appeal; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant Alexis Quartararo to dismiss the complaint insofar as asserted against her is granted, upon searching the record, summary judgment is granted to the defendants William A. Nichols and Regina Nichols, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendant Alexis Quartararo is awarded one bill of costs.

Pursuant to the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357; *see also, Smith v Russell Sage Coll.*, 54 NY2d 185; *Matter of Reilly v Reid*, 45 NY2d 24; *Coliseum Towers Assocs. v County of Nassau*, 217 AD2d 387; *Finkelstein v Ilan*, 239 AD2d 545).

Here, the record demonstrates that the present claims made by the Village of Laurel Hollow (hereinafter the Village) could and should have been raised in connection with a prior action the Village had commenced (*cf., Smith v Russell Sage Coll., supra*). The Village's prior action involved the same operative parties and focused upon an alleged violation of the Village zoning code with respect to the use of the subject properties. The instant action is similarly premised upon an alleged zoning code violation which arose during the pendency of the first action, and also asserts that the defendants' use of the properties violates the zoning code. Although the instant action involves different legal theories and seeks different remedies, these distinctions will not preclude the application of res judicata under the circumstances presented here (*cf., Coliseum Towers Assocs. v County of Nassau, supra*). Accordingly, since the instant action is barred by the doctrine of res judicata, the motion of the defendant Alexis Quartararo to dismiss the complaint insofar as asserted against her should have been granted. Under the circumstances, we have searched the record and have also granted summary judgment to the defendants William A. Nichols and Regina Nichols (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425).

The parties' remaining contentions are lacking in merit. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.