JONATHAN SYLLMAN, Appellant, v RICHARD CREDITOR, Appellant, et al., Defendants. [689 NYS2d 522] —In an action to

recover damages based on, *inter alia*, fraud, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lisa, J.), dated April 23, 1998, which, upon an order of the same court dated April 2, 1998, granting the motion of the defendant Richard Creditor for summary judgment dismissing the second, and only remaining, cause of action, dismissed the second cause of action asserted in the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

In a prior 1994 complaint against the same defendants (hereinafter the 1994 complaint), the plaintiff sought to recover damages, *inter alia*, for fraud and breach of duty as a fiduciary and officer of the court, based on an alleged false statement of the defendant Richard Creditor concerning the plaintiff's failure to pay the April 1990 maintenance/rent for the plaintiff's apartment. Creditor's statement was made in an affirmation submitted in an earlier landlord/tenant proceeding against the plaintiff, in which Creditor and his law firm represented the plaintiff's landlord. The parties do not dispute that by order dated October 29, 1996, the 1994 complaint was dismissed, with prejudice, for failure to state a cause of action.

The present complaint (hereinafter the 1997 complaint) asserts three causes of action, the first and third of which, asserted against Creditor and his law firm, have already been dismissed. The second cause of action, against Creditor only, sought to recover damages pursuant to Judiciary Law § 487, based on the same allegedly false statement concerning the April 1990 maintenance/rent, and other allegedly false statements made by Creditor during either the landlord/tenant or related proceedings.

The court properly determined that the second cause of action interposed in the 1997 complaint was barred by the doctrine of res judicata. All of the allegations arose out of the same transactions and occurrences that were at issue in the 1994 complaint, and the plaintiff seeks the same relief, although under an alternative theory, as that sought in the 1994 complaint (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 356; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Beninati v Nicotra,* 239 AD2d 242). In addition, the doctrine of collateral estoppel bars the second cause of action (*see, Matter of Juan C. v Cortines,* 89 NY2d 659, 666; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 152). Mangano, P. J., Krausman, Florio and H. Miller, JJ., concur.