■ ESSENTIAL FREIGHT SYSTEM, INC., Appellant, v HELLER FINANCIAL, INC., Respondent. [694 NYS2d 422] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered May 27, 1998, which, upon an order of the same court entered May 15, 1998, granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order entered May 15, 1998, is vacated, the motion is denied, and the complaint is reinstated.

In a prior action commenced in the State of California in or about March 1995, Heller Financial, Inc. (hereinafter Heller), commenced an action in the Superior Court of California against, among others, Essential Freight Systems, Inc. (hereinafter Essential), to recover damages, inter alia, for fraudulent misrepresentation and negligence regarding the use of false shipping invoices to defraud Heller. The parties entered into a release and settlement in March 1997 and the action was dismissed.

In November 1997 Essential commenced the instant action against Heller seeking payment on shipping claims unrelated to those sued upon in the California action. On January 28, 1998, Heller moved to dismiss the complaint, arguing, *inter alia,* that it was barred by application of the doctrine of res judicata (CPLR 3211 [a] [5]). The Supreme Court granted the motion. We reverse.

Pursuant to California Code of Civil Procedure § 426.30, Essential was required to allege in a cross complaint "any related cause of action" which it had against Heller in the California action. In our view, the causes of action in Essential's New York complaint and the causes of action asserted against Essential in Heller's California complaint are not related (*see,* California Code of Civ Pro § 426.10 [c]). Therefore, the instant action is not barred and it was improperly dismissed (*cf., Coliseum Towers Assocs. v County of Nassau,* 217 AD2d 387).

The defendant's remaining contentions are without merit. Concur—Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.