■ PETER J. PAPPAS et al., Appellants, v ARTHUR CERRONE et al., Respondents. [722 NYS2d 262] —In an action, *inter alia*, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered December 30, 1999, which granted the defendants' motion for reargument and renewal of their prior motion to dismiss the complaint on the ground of res judicata, which was denied by an order of the same court dated September 30, 1999, and, upon reargument and renewal, granted that motion.

Ordered that the order is affirmed, with costs.

In 1998 the plaintiffs commenced an action against the defendants to recover damages for fraud. The plaintiffs alleged that the defendants, as sellers, misrepresented the condition of land sold to them. After that action was dismissed on the merits, the plaintiffs brought this action, *inter alia*, to recover damages for fraud. All of the causes of action in this action are based upon the same allegations made in the first action concerning the condition of the land.

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the second complaint. The doctrine of res judicata bars the plaintiffs from filing a second complaint presenting allegations that arise out of the same transactions and occurrences which formed the basis for the first action. A second action is barred even if it is based on different theories or is seeking a different remedy (*see, O'Brien v City of Syracuse,* 54 NY2d 353; *Syllman v Creditor,* 261 AD2d 395). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.

■ R/S ASSOCIATES et al., Appellants, v NEW YORK JOB DEVELOPMENT AUTHORITY, Respondent. [722 NYS2d 396] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 17, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the term "effective cost of funds" is not ambiguous (*B & R Children's Overalls Co. v New York Job Dev. Auth.,* 257 AD2d 368). As a result, the rules governing the construction of ambiguous contracts were not triggered (*see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548; *Breed v Insurance Co.,* 46 NY2d 351, 355).

The plaintiffs' remaining contentions are without merit. Bracken, P. J., Santucci, S. Miller and Smith, JJ., concur.