■ ROBERT M. BOGAN et al., Appellants, v NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent, et al.; Defendant. [739 NYS2d 184] —In an action, inter alia, to recover damages for breach of contract, tortious interference with contract, and fraud in the inducement, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 31, 2000, which granted the motion of the defendant Northwestern Mutual Life Insurance Company

pursuant to CPLR 3211 (a) (5) and (7) dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In 1990 the plaintiff Robert M. Bogan commenced an action against the defendants in the Supreme Court, Westchester County, to recover damages for, inter alia, breach of a district agent's contract entered into between himself and the defendant Austin E. Hodgkins, Jr., a general agent for Northwestern Mutual Life Insurance Company (hereinafter Northwestern), after Hodgkins had terminated the district agent's contract for cause. In that case, Northwestern moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that Hodgkins was an independent contractor and was not acting on its behalf. The Supreme Court granted Northwestern's motion for summary judgment, and this Court affirmed that order (see, Bogan v Northwestern Mut. Life Ins. Co., 200 AD2d 650). In 1999 the plaintiffs, Robert M. Bogan and his brother Scott M. Bogan, commenced this action in the same court to recover damages for, inter alia, breach of contract, tortious interference with contract, and fraud in the inducement. The Supreme Court granted Northwestern's motion to dismiss Robert M. Bogan's causes of action pursuant to CPLR 3211 (a) (5) based on the doctrine of res judicata, and Scott M. Bogan's causes of action pursuant to CPLR 3211 (a) (7) for the failure to state a cause of action.

The Supreme Court properly granted that branch of Northwestern's motion which was to dismiss Robert M. Bogan's causes of action insofar as asserted against it. Once a cause of action is brought to a final conclusion, all other causes of action arising out of the same transaction or series of transactions are barred even if based upon different theories, or if seeking a different remedy (see, O'Brien v City of Syracuse, 54 NY2d 353, 357; Santiago v Lalani, 256 AD2d 397, 398; Finkelstein v Ilan, 239 AD2d 545). Here, the causes of action asserted by Robert M. Bogan were all based upon the same transaction or conduct, that being the wrongful termination of his contract.

The Supreme Court also properly granted that branch of Northwestern's motion which was to dismiss Scott M. Bogan's causes of action insofar as asserted against it. Scott M. Bogan was neither a party to, nor an intended beneficiary of, the contract with which Northwestern allegedly interfered. In addition, his status as a sales agent with Northwestern ended only because he voluntarily chose to terminate his association with Northwestern (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281; SageGroupAssoc. v Dominion Textile, 244

AD2d 281; *see also, Westminster Constr. Co. v Sherman,* 160 AD2d 867). Ritter, J.P., Smith, Krausman and Townes, JJ., concur.