■ MAYER WEBER, Appellant, v HYMAN JACOBS et al., Respondents. (Action No. 1.) MAYER WEBER, Appellant, v HYMAN JACOBS et al., Respondents. (Action No. 2.) [771 NYS2d 377]—

In an action, inter alia, to recover damages for fraud (Action No. 1) and a related action, among other things, to set aside the bid of the defendant Hyman Jacobs for the assets of the defendant Sidjay of New Jersey, Inc. (Action No. 2), Mayer Weber, the plaintiff in both actions, appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 11, 2002, as granted the motion of the defendant Sidjay of New Jersey, Inc., for summary judgment

dismissing the complaint in Action No. 1 insofar as asserted against it, and (2) so much of an order of the same court dated December 13, 2002, as granted the motion of the defendant Hyman Jacobs, and the separate motion of the defendants Sidjay of New Jersey, Inc., and Jack Rosen to dismiss the complaint in Action No. 2 insofar as asserted against them on the ground of res judicata.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In Action No. 1, the Supreme Court properly determined that the prior order of this Court in *Weber v Jacobs* (289 AD2d 226 [2001]) rendered academic the complaint insofar as asserted against the defendant Sidjay of New Jersey, Inc. (*see Beltrone v General Schuyler & Co.,* 252 AD2d 640 [1998]; *cf. Martinez v City of New York,* 299 AD2d 526 [2002]; *D'Amato v Access Mfg.,* 305 AD2d 447 [2003]).

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the second complaint. The doctrine of res judicata bars the plaintiff from filing a second action presenting allegations that arise out of the same transactions and occurrences that formed the basis for the first action. A second action is barred even if it is based on different theories or is seeking a different remedy (*see O'Brien v City of Syracuse,* 54 NY2d 353 [1981]; *Bogan v Northwestern Mut. Life Ins. Co.,* 292 AD2d 411 [2002]; *Pappas v Cerrone,* 281 AD2d 608 [2001]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.