Manko v Gabay (2019 NY Slip Op 06077)





Manko v Gabay


2019 NY Slip Op 06077


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-10523
2015-11016
 (Index No. 22148/13)

[*1]Nella Manko, appellant, 
v
David A. Gabay, etc., et al., respondents, et al., defendants.


Nella Manko, Brooklyn, NY, appellant pro se.
Gordon & Silber, P.C., New York, NY (Andrew B. Kaufman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated July 9, 2014, and (2) a judgment of the same court entered October 30, 2014. The order, insofar as appealed from, granted that branch of the motion of the defendants David A. Gabay, Law Offices of David A. Gabay, Law Offices of David A. Gabay, P.C., and Gabay Law Group, P.C., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them. The judgment, insofar as appealed from, upon an amended order of the same court dated October 8, 2014, granting that branch of the motion of those defendants which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, dismissed the complaint insofar as asserted against those defendants. The notice of appeal from the amended order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the appeal from the order is dismissed, as the order was superseded by the amended order and, moreover, the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In four prior legal malpractice actions commenced by the plaintiff against, among others, the defendants David A. Gabay, Law Offices of David A. Gabay, Law Offices of David A. Gabay, P.C., and Gabay Law Group, P.C. (hereinafter collectively the Gabay defendants), in 2010 and 2011, the Supreme Court issued an order dated May 7, 2012, determining various motions and cross motions made by the Gabay defendants and the plaintiff in each of the four actions. Among other things, the court: (1) directed dismissal of all the complaints insofar as asserted against Law Offices of David A. Gabay, P.C., and Gabay Law Group, P.C., pursuant to CPLR 3211(a)(7) for failure to state a cause of action because those entities were not in existence in 2007 when Gabay provided legal services to the plaintiff; (2) directed dismissal of the complaint filed under Index No. 25157/10 insofar as asserted against Gabay pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction based upon the plaintiff's failure to effect proper service of process upon him; (3) denied [*2]the plaintiff's motions for leave to enter a default judgment against the Gabay defendants in the actions commenced under Index Nos. 3521/11 and 8549/11; (4) directed dismissal of the complaints filed under Index Nos. 3521/11 and 8549/11 insofar as asserted against Gabay pursuant to CPLR 3211(a)(5) as time-barred, "with prejudice"; and (5) directed dismissal of the complaint filed under Index No. 23002/11, inter alia, pursuant to CPLR 3211(a)(5) as time-barred. Significantly, the court admonished the plaintiff that "if she commences another action in any court of the State of New York, without prior court approval, against [the Gabay defendants], she will be assessed costs and sanctions pursuant to CPLR 8303-a and 22 NYCRR 130-1.1."
The plaintiff subsequently commenced the instant action against, among others, the Gabay defendants, asserting causes of action against them, inter alia, to recover damages for legal malpractice and breach of fiduciary duty. The Gabay defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the Gabay defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of res judicata, based upon the dismissal, on the merits, of the complaints insofar as asserted against them in the four prior actions. Under the doctrine of res judicata, or claim preclusion, "a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). "[O[nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357).
This Court takes a "pragmatic approach" to determining what constitutes a single transaction or series of transactions for the purposes of res judicata (Coliseum Towers Assoc. v County of Nassau, 217 AD2d 387, 390). Thus, events are part of the same transaction or series of transactions where their "foundational facts" are related in "time, space, origin, or motivation," where they "form a convenient trial unit," and where "treatment [of the foundational facts] as a unit conforms to the parties' expectations" (id. at 390-391 [internal quotation marks omitted]).
The doctrine of collateral estoppel, or issue preclusion, is "a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485). Collateral estoppel will bar relitigation of an issue where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349; see Jeffreys v Griffin, 1 NY3d 34, 39; Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 432).
Here, the complaints in the four prior actions commenced by the plaintiff against the Gabay defendants were all dismissed insofar as asserted against them on the merits pursuant to the order dated May 7, 2012. The claims asserted in the instant action arise from the same transaction or series of transactions that gave rise to the four prior actions, i.e., the legal assistance provided by Gabay to the plaintiff from November 2007 to December 2007. The majority of the facts alleged in the five complaints are nearly identical, with the only differences being additional causes of action asserted in this action and different entities named as defendants of which Gabay is a principal, differences which nonetheless relate "in time, space, origin [and] motivation" to the claims adjudicated in the four prior actions (Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [internal quotation marks omitted]; see Smith v Russell Sage Coll., 54 NY2d 185, 192-193). Inasmuch as all issues related to the plaintiff's claims sounding in simple legal malpractice were fully and finally decided in the four prior actions, they are barred by principles of res judicata and collateral estoppel (see Kret v Brookdale Hosp. Med. Ctr., 61 NY2d 861, 863; see also Altamore v Friedman, 193 AD2d 240, 244-245). The plaintiff's additional causes of action alleging, among other things, deprivation of constitutional rights and conspiracy "could have been raised in the prior litigation" and, [*3]consequently, are precluded by the doctrine of res judicata (Matter of Hunter, 4 NY3d 260, 269; see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp., 55 AD3d 982, 984).
The parties' remaining contentions are either without merit or not properly before this Court (see Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d 670).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.

2014-10523 DECISION & ORDER ON MOTION
2015-11016
Nella Manko, appellant, v David A. Gabay, etc.,
et al., respondents, et al., defendants.
(Index No. 22148/13)

Motion by the appellant, inter alia, to strike stated portions of the respondents' appendix and the respondents' brief on appeals from an order of the Supreme Court, Kings County, dated July 9, 2014, and a judgment of the same court entered October 30, 2014, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated November 14, 2017, that branch of the motion which is to strike stated portions of the respondents' appendix and the respondents' brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondents' appendix and the respondents' brief is denied.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court